1  KEVIN J. CURTIS, WSBA No. 12085
2  WINSTON & CASHATT, LAWYERS
3  601 W. Riverside, Ste. 1900
   Spokane, Washington 99201
4  Telephone: (509) 838-6131
5  Facsimile:  (509) 838-1416

6  Attorneys for Defendant Daniel N. Gordon, P.C.

7

8

9              UNITED STATES DISTRICT COURT
                 DISTRICT OF WASHINGTON
10

11  THELMA MCBROOM,

12                              Plaintiff,      No. CV-12-342-EFS
13
14  vs.                                         DEFENDANT DANIEL N.
                                                GORDON, P.C.'S NOTICE OF
15  DANIEL N. GORDON, P.C., an                  REMOVAL
16  Oregon debt collection law firm, and        (SPOKANE COUNTY SUPERIOR
    ASSET ACCEPTANCE, LLC, a                    COURT CAUSE NO. 12-1-01208-8)
17  Delaware Limited Liability Company,

18
                                Defendants.
19

20       Defendant Daniel N. Gordon, P.C. ("DNG"), by and through its counsel,

21  Kevin J. Curtis of Winston & Cashatt, P.C., hereby files this Notice of Removal of

22
23  the above-described action to the United States District Court for the Eastern

24

DEFENDANT DANIEL N. GORDON, P.C.'S
NOTICE OF REMOVAL . . .
Page 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

District of Washington from the Spokane County Superior Court where the action

is now pending pursuant to 15 U.S.C. §§1441 and 1446 and states:

I.

Defendant DNG is a named defendant in the above-entitled action.

II.

A civil action was filed on March 28, 2012, in the Spokane County Superior

Court in and for the State of Washington, Cause No. 12-2-01208-8 against

defendants DNG and Asset Acceptance, LLC, a Delaware Limited Liability

Company ("Asset Acceptance"), and is now pending in that court. The Summons

and Complaint (copies attached as Exhibit Nos. 1 and 2) were served on Defendant

Asset Acceptance on March 8, 2012 through its registered agent in the State of

Washington, CT Corporation System. The Summons and Complaint were served

on Defendant DNG by mail to Kevin J. Curtis, counsel for DNG who was

authorized to accept service for DNG, on April 25, 2012.

III.

The Spokane County Superior Court suit is a civil action to recover damages

in connection with Defendants' attempts to collect upon a debt alleged owing by

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

DEFENDANT DANIEL N. GORDON, P.C.'S
NOTICE OF REMOVAL . . .
Page 2

Plaintiff.  Plaintiff has alleged violations of 15 U.S.C. §1692 et seq, the Fair Debt Collection Practices Act ("FDCPA), RCW 19.16, the Washington Collection Agency Act ("WCAA") and RCW 19.86, the Washington Consumer Protection Act ("WPCA").

IV.

This action is a civil proceeding of which this court has original jurisdiction pursuant to 15 U.S.C. §1692(k)(d) and 28 U.S.C. § 1331, and Defendant DNG is now entitled to remove the action to this federal court pursuant to 28 U.S.C. §§1441 and 1446, in that:

1.    Plaintiff has asserted a claim under 15 U.S.C. §1692 et seq, thus rendering removal proper under 28 U.S.C. §§1441(c)(1)(A) and 1331.

2.    Plaintiff has asserted claims under Washington law in the action related to her claims under 15 U.S.C. §1692 et seq that form part of the same case or controversy under Article III. Therefore, supplemental jurisdiction and removal of those claims is proper under 28 U.S.C. §§1367 and 1441(c)(B).

DEFENDANT DANIEL N. GORDON, P.C.'S
NOTICE OF REMOVAL . . .
Page 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

3.     Defendant DNG was served with a Summons and Complaint on April 25, 2012, and this action was removed within 30 days of the receipt of the Summons and Complaint by service; and

4.     This action was originally brought in Spokane County Superior Court which is within the district of this federal court.

## V.

The following documents constitute all of the documents, process, and pleadings which were served upon the Defendant DNG in this action:

a.     Summons, attached hereto as Exhibit 1;

b.     Complaint, attached hereto as Exhibit 2;

c.     Declaration of Service of Summons and Complaint on Asset Acceptance, attached hereto as Exhibit 3;

d.     Motion and Declaration for Order of Default Against Asset Acceptance, attached hereto as Exhibit 4;

e.     Note for Hearing on Motion for Default, attached hereto as Exhibit 5;

DEFENDANT DANIEL N. GORDON, P.C.'S
NOTICE OF REMOVAL . . .
Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

f.      Certificate of Service, attached hereto as Exhibit 6;

g.      Notice of Appearance filed by Winston & Cashatt; attached hereto as Exhibit 7;

h.      Notice of Appearance filed by Daniel Gordon for Asset Acceptance, attached hereto as Exhibit 8;

i.      Asset's Motion to Dismiss for Failure to State a Claim and Motion to Strike, attached hereto as Exhibit 9;

j.      Note for Hearing on Asset's Motion to Dismiss, attached hereto as Exhibit 10;

k.      Certificate of Service of Summons and Complaint on the Washington Attorney General, attached hereto as Exhibit 11;

l.      Plaintiff's Opposition to Asset's Motion to Dismiss and Motion to Strike, attached hereto as Exhibit 12;

m.      Notice of Absence and Unavailability; attached hereto as Exhibit 13;

n.      Note for Hearing on Asset's Motion to Dismiss and Motion to Strike, attached hereto as Exhibit 14;

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

o.    Notice of Withdrawal and Substitution of Counsel, attached hereto as Exhibit 15; and

p.    Certificate of Service of Summons and Complaint on Daniel N. Gordon, P.C., attached hereto as Exhibit 16.

VI.

I have communicated with John D. Munding, counsel for Defendant Asset Acceptance, who has stated that Asset Acceptance will be filing a Notice of Consent to Removal.

VII.

Defendant will give written notice of the filing of this notice as required by 28 U.S.C. §1446(d).

A copy of this Notice will be filed with the Clerk of the Spokane County Superior Court as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendant DNG prays that this court accept this Notice of Removal and that the above-entitled action now pending in the Superior Court of Washington, County of Spokane, Cause No.12-2-01208-8, be removed from the Spokane County Superior Court to the United States District Court for the Eastern

DEFENDANT DANIEL N. GORDON, P.C.'S
NOTICE OF REMOVAL . . .
Page 6

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

District of Washington.

DATED this 8th day of May, 2012.

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
Attorney for Defendant Daniel N. Gordon,
P.C.
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile:  (509) 838-1416
E-mail Address:  kjc@winstoncashatt.com

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

DEFENDANT DANIEL N. GORDON, P.C.'S
NOTICE OF REMOVAL . . .
Page 7

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

SaraEllen Hutchison
Law Office of SaraEllenHutchison, PLLC
saraellen@saraellenhutchison.com

Attorney for Plaintiff

John D. Munding
Crumb & Munding, P.S.
munding@crumb-munding.com

Attorneys for Defendant Asset Acceptance, LLC

s/Kevin J. Curtis, WSBA No. 12085
WINSTON & CASHATT, LAWYERS, a
Professional Service Corporation
Attorney for Defendant Daniel N. Gordon,
P.C.
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: kjc@winstoncashatt.com

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

DEFENDANT DANIEL N. GORDON, P.C.'S
NOTICE OF REMOVAL . . .
Page 8

COPY
ORIGINAL FILED

MAR 2 8 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK
TARI EITZEN

# STATE OF WASHINGTON
## SPOKANE COUNTY SUPERIOR COURT

THELMA MCBROOM,

                Plaintiff,

       v.

DANIEL N. GORDON, P.C., an Oregon
debt collection law firm, and ASSET
ACCEPTANCE, LLC, a Delaware Limited
Liability Company,

              Defendants.

NO. **12201208-8**

SUMMONS

**TO THE DEFENDANTS, DANIEL N. GORDON, P.C., an Oregon debt collection law firm, and ASSET ACCEPTANCE, LLC, a Delaware Limited Liability Company:** A lawsuit has been started against you in the above-entitled Court by Plaintiff.    Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

      In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or within sixty (60) days if this Summons is served outside the State of Washington, or within forty (40) days if this Summons is served through the Insurance Commissioner's Office, or a default judgment may be

SUMMONS - Page 1 of 2

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Phone (509) 252-1899 | Fax (877) 485-4893



EXHIBIT

1

1 | entered against you without notice. A default judgment is one where Plaintiff is entitled to what
2 | it asks for because you have not responded. If you serve a notice of appearance on the
3 | undersigned person, you are entitled to notice before a default judgment may be entered.

4 | You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the
5 | demand must be in writing and must be served upon the person signing this Summons. Within
6 | fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court,
7 | or the service on you of this Summons and Complaint will be void.

8 | If you wish to seek the advice of an attorney in this matter, you should do so promptly so
9 | that your written response, if any, may be served on time.

10 | This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State
11 | of Washington.

12 | DATED this _6_ day of March, 2012.

PLAINTIFF'S COUNSEL

SARAELLEN HUTCHISON, WSBA #36137
107 S. Howard, Suite 230
Spokane, WA  99201
Phone (509) 252-1899
Fax (877) 485-4893

SUMMONS - Page 2 of 2

*Law Office of SaraEllen Hutchison, PLLC*
107 S. Howard, Suite 230 | Spokane, WA 99201
Phone (509) 252-1899 | Fax (877) 485-4893

10

COPY
ORIGINAL FILED

MAR 2 8 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

TARI EITZEN

## STATE OF WASHINGTON
## SPOKANE COUNTY SUPERIOR COURT

THELMA MCBROOM,

           Plaintiff,

     v.

DANIEL N. GORDON, P.C., an Oregon
debt collection law firm, and ASSET
ACCEPTANCE, LLC, a Delaware Limited
Liability Company,

           Defendants.

NO. **12201208-8**

PLAINTIFF'S VERIFIED COMPLAINT
FOR INJUNCTIVE RELIEF FOR
VIOLATIONS OF THE CONSUMER
PROTECTION ACT, THE
COLLECTION AGENCY ACT, AND
THE FAIR DEBT COLLECTION
PRACTICES ACT, INTER ALIA

COMES NOW, Plaintiff THELMA MCBROOM, by and through her attorney, SARAELLEN HUTCHISON, and complains against the Defendants as follows:

## I.   STATEMENT OF THE CASE

This is an action for injunctive relief to prevent further harm to Plaintiff and to prevent future harm to other Washington consumers and debtors and to prevent Defendant's future violations of the Fair Debt Collection Practices Act (FDCPA), the Washington State Collection Agency Act (CAA) and the Washington State Consumer Protection Act (CPA).

PLAINTIFF'S COMPLAINT        1    **Law Office of SaraEllen Hutchison, PLLC**
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

EXHIBIT

2

## II.   PARTIES

2.1   Plaintiff, THELMA MCBROOM, is a resident of Spokane County, Washington.

2.2   Defendants allege that Plaintiff owes a consumer debt.

2.3   Defendants' collection attempts upon that debt form the subject matter of this lawsuit.

2.4   Plaintiff is therefore a "debtor" and "consumer" as defined by the FDCPA, the TCPA, the CAA, and the CPA, and acted as a "debtor" and "consumer" at all times relevant to this litigation.

2.5   Defendant, DANIEL N. GORDON, P.C., (hereinafter, "GORDON") is an Oregon debt collection law firm and a business which regularly collects debts owed to others, and which conducts business in this state pursuant to Oregon Registry No. 093335-84.

2.6   Defendant, ASSET ACCEPTANCE, LLC, (hereinafter "ASSET"), a Delaware Limited Liability Company, is a debt buyer, a third party debt collector, and a business, which is registered to conduct business in this state pursuant to UBI No. 603014423.

2.7   GORDON is notorious for aggressive debt collection practices; a Google search for *Daniel Gordon debt collector complaint* produces about **68,300 results**.

2.8   ASSET is also notorious for aggressive debt collection practices; a Google search for *asset acceptance debt collector complaint* produces about **398,000 results**.

2.9   Defendants are both "debt collectors" as defined by the FDCPA, "collection agencies" as defined by the CAA and "businesses" as defined by the CPA, and Defendants acted as such at all times relevant to this complaint.

## III.   JURISDICTION AND VENUE

3.1   Jurisdiction and Venue in Spokane County Superior Court are appropriate

PLAINTIFF'S COMPLAINT                                2      **Law Office of SaraEllen Hutchison, PLLC**
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

where all acts at issue and described herein occurred in Spokane County Washington, and where the injury to Plaintiff occurred in Spokane County Washington, and where the Defendants have engaged in substantial business contacts in Spokane County Washington, and where Defendants have already submitted to this jurisdiction by attempting to collect a debt in this jurisdiction, and where the Plaintiff prays for injunctive relief.  RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

3.2    Defendants are liable unto Plaintiff pursuant to the provisions of the Consumer Protection Act, RCW 19.86 et seq., the Collection Agency Act, RCW 19.16 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., as well as other applicable state and federal laws.

## IV.    FACTS

4.1    Defendants allege that Plaintiff owes a consumer debt, a Citibank credit card.

4.2    In 2011, Defendant GORDON began calling Plaintiff at home approximately every day to collect a consumer debt.

4.3    Plaintiff, who is originally from the Philippines and moved to the United States as an adult, experiences difficulty communicating in English.

4.4    Plaintiff would pick up the phone, and a man who identified himself as working for GORDON would talk to Plaintiff so quickly that Plaintiff could not understand everything the man was saying, then the man would hang up.

4.5    The man calling from GORDON's office was rude and abrupt.

4.6    Plaintiff could understand just enough to learn that it was GORDON calling her to collect a debt.

4.7    At other times, GORDON's female employees called Plaintiff to collect.

PLAINTIFF'S COMPLAINT                    3        **Law Office of SaraEllen Hutchison, PLLC**
                                                  107 S. Howard, Suite 230  |  Spokane, WA 99201
                                                  Phone (509) 252-1899  |  Fax (877) 485-4893

*13*

4.8    At no time was Plaintiff made aware that she could request verification and validation of the debt.

4.9    Plaintiff ignored most of GORDON's phone calls, but GORDON still called approximately every day.

4.10    Plaintiff felt helpless about the constant phone calls and thought there was nothing she could do to make them stop.

4.11    Finally, the calls stopped, but then, on January 6, 2012, Plaintiff was served with a lawsuit, Defendants' debt collection lawsuit against Plaintiff in Spokane County District Court, case number 11131107 CV.

4.12    Defendants' lawsuit was frivolous; it was filed with no intention of going to trial, and was voluntarily dismissed by Defendants on February 14, 2012.

4.13    Defendants' "Notice for General Judgment of Dismissal Without Prejudice" states that Defendants are dismissing "for the reason that Plaintiff [ASSET] does not wish to pursue the matter at this time."

4.14    Plaintiff experienced a month and a half of frivolous litigation when Defendants had no intention of going to trial.

4.15    Defendants knew that they would not be able to come up with admissible evidence against Plaintiff for the reasons described below, and that is why they dismiss when they cannot obtain a default judgment.

4.16    Defendants claimed in the Spokane County District Court case number 11131107 CV that ASSET had "purchased" Plaintiff's Citibank "credit card account and contract."

PLAINTIFF'S COMPLAINT                    4    **Law Office of SaraEllen Hutchison, PLLC**
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

14

4.17   Defendants' debt collection lawsuits against consumers are like case number 11131107 CV; they involve credit card debts that were allegedly charged off years ago and allegedly assigned.

4.18   As a result, Defendants are well aware that Washington law requires proof of assent and proof of assignment when suing upon an assigned credit card account.

4.19   Defendants know that a debt collector in Washington State must have proof of assent and proof of assignment before filing a lawsuit against a consumer.

4.20   Plaintiff believes, avers, and expects to prove through discovery that at the time Defendants filed the Spokane County District Court debt collection lawsuit, Defendants did not have any admissible evidence that Plaintiff assented to the terms of any credit card agreement.

4.21   Plaintiff, doing her best to fight Defendants' lawsuit on her own while she looked for counsel, filed a pro se answer denying that Defendants had evidence of a credit card contract and denying that ASSET had standing to sue.

4.22   On February 3, 2012, Defendants responded by propounding interrogatories and requests for production to Plaintiff, which demanded that Plaintiff come up with the evidence Defendants should have had before filing any lawsuit.

4.23   Defendants knew that they must have admissible evidence of assent and assignment before filing suit, but because they did not, they used the discovery tools to attempt to obtain this evidence from the consumer.

4.24   Inexplicably, Defendants also filed this discovery with the court, in violation of Spokane County District Court Local Civil Rule 5(d)(6), which provides that unanswered discovery shall not be filed with the court unless needed for a motion.

4.25   Filing this discovery with the court in violation of the court rules is the act of Defendants who do not believe that their behavior will be closely examined by anyone.

PLAINTIFF'S COMPLAINT                    5          Law Office of SaraEllen Hutchison, PLLC
                                                    107 S. Howard, Suite 230 | Spokane, WA 99201
                                                    Phone (509) 252-1899 | Fax (877) 485-4893

*15*

4.26    Issuing and filing this discovery is the act of Defendants who are willing to ignore the rules to profit from an unsophisticated consumer.

4.27    Defendants regularly file collection lawsuits just like case number 11131107 CV against consumers without admissible evidence nor reasonable investigation.

4.28    It is Defendants' hope that the targets of their lawsuits, Washington consumers like Plaintiff, do not defend the frivolous lawsuits, so that Defendants can profit from quick default judgments.

4.29    Defendants do not expect their lawsuits to be scrutinized.

4.30    When a consumer like Plaintiff is able to locate counsel, Defendants' practice is to dismiss the collection lawsuit without prejudice, denying the consumer's opportunity to obtain reimbursement for the consumer's attorney's fees.

4.31    When a consumer like Plaintiff, unsophisticated in matters of the debt collection industry and legal proceedings, manages to thwart Defendants' strategy by avoiding default judgment, Defendants respond with discovery requests which are designed to harass and intimidate the unsophisticated pro se litigant and consumer.

4.32    While the discovery was pending, Defendants then dismissed the lawsuit against Plaintiff, claiming that they "do not wish to pursue the matter at this time."

4.33    Therefore, Plaintiff believes, avers, and expects to prove through discovery that Defendants did not have any admissible evidence illustrating that Defendants had the legal right to collect a credit card debt from Plaintiff.

4.34    Furthermore, Plaintiff believes, avers, and expects to prove through discovery that Defendants knew when Defendants filed the Spokane County District Court debt collection lawsuit that Defendants did not have any admissible evidence of assent or assignment.

PLAINTIFF'S COMPLAINT                    6       **Law Office of SaraEllen Hutchison, PLLC**
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

16

4.35    Plaintiff believes, avers, and expects to prove through discovery that Defendants repeat these unfair, deceptive, and unconscionable debt collection practices throughout the state of Washington hundreds if not thousands of times each year.

4.36    It is profitable for Defendants to mass-file lawsuits against consumers without reasonable investigation or any evidence of title or assent to the alleged debts.

4.37    Defendants are notoriously cavalier about the rights of consumers and the use of legal process.

4.38    ASSET'S business practices have exposed it to hundreds of lawsuits across the United States for victimizing consumers.

4.39    Likewise, Defendant GORDON'S business model has been "pungently" criticized: "[L]awyers who are acting as debt collectors are engaging in the entrepreneurial aspects of law rather than practicing law…" *Lang v. Gordon,* No. C10-819RSL, 2011 WL 62141 at *3 (W.D. Wash., Jan. 6, 2011) (as quoted and described in the February 2012 issue of the Washington State Bar Association *Bar News,* page 35; also at the URL http://www.wsba.org/News-and-Events/Publications-Newsletters-Brochures/Bar-News).

4.40    Defendants are junk debt buyers and junk debt collection attorneys that intentionally and repeatedly file frivolous and baseless cases in hope to obtain as many default judgments as possible.

4.41    Defendants rarely if ever have admissible evidence that consumers owe particular debts.

4.42    GORDON's clients, such as ASSET, provide GORDON with minimal electronic information.

4.43    Much of this information is outdated, incomplete, or completely false.

PLAINTIFF'S COMPLAINT                                     7      **Law Office of SaraEllen Hutchison, PLLC**
                                                                107 S. Howard, Suite 230  |  Spokane, WA 99201
                                                                Phone (509) 252-1899  |  Fax (877) 485-4893

*17*

4.44    Rather than conduct a reasonable investigation before filing a lawsuit, however, GORDON files lawsuits on behalf of clients like ASSET anyway.

4.45    Defendants apparently have no plans to change their business practices and standards anytime soon, as seen in their lawsuit against and conduct toward Plaintiff.

4.46    Plaintiff has suffered shame, embarrassment, marital difficulty, and other emotional distress because of Defendants' phone calls and frivolous lawsuit.

4.47    Plaintiff had to spend time dealing with Defendants' frivolous lawsuit that took her time away from other, more economically productive activities.

4.48    Plaintiff prays that she is treated fairly by the court in the instant case and that her ordeal will be heard by a jury of her peers.

4.49    Plaintiff also prays that Defendants are held accountable for the harm they have caused and that Defendants will be prohibited from engaging in unfair and unconscionable practices against any other Washington consumer.

## V.    FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

### (Application of the Statute)

5.1    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." (See 15 U.S.C. §1692a(3)).

5.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money,

PLAINTIFF'S COMPLAINT                              8          **Law Office of SaraEllen Hutchison, PLLC**
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

*18*

property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." (See 15 U.S.C. §1692a(5)).

5.4     Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  (See 15 U.S.C. §1692a(6)).

5.5     ASSET is a business that regularly buys and collects alleged consumer debts, and is without a doubt, a "debt collector" under the FDCPA.

5.6     The FDCPA also applies to attorneys who "regularly" attempt to collect third party debts. (See, Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994)).

5.7     An attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actually represent. (See Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997); holding that an attorney who collected against 639 different individuals in a nine-month period satisfied the requirement that he "regularly" collected debts for another although those 639 cases only represented .5% of his practice.  He was regularly collecting consumer debts because that volume was great enough to meet the threshold.)

5.8     GORDON is a law firm and business that regularly collects consumer debts owed to third parties.

5.9     Both defendants are therefore "debt collectors" as defined by the FDCPA.

5.10     Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which

PLAINTIFF'S COMPLAINT                              9      **Law Office of SaraEllen Hutchison, PLLC**

*19*

the services are primarily for personal, family, or household purposes, and the Defendants are "debt collectors" that attempted to collect a debt owed to a third party.

## VI.   FIRST CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

### (Harassment – Notice Violation – Deceptive Practices – Unfair & Unconscionable Practices)

6.1    Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2    The Fair Debt Collection Practices Act states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

6.3    The act specifically prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

6.4    The FDCPA also gives debtors the right to request validation of a debt and requires debt collectors to give debtors written notice of this right and other details about the debt. 15 U.S.C. §1692g.

6.5    This written notice required by the Act must be in the initial communication from the debt collector, or be provided to the debtor within five (5) days of the initial communication. 15 U.S.C. §1692g(a).

6.6    The written notice must state the amount of the debt and the name of the creditor to whom it is owed. 15 U.S.C. §1692g(a)(1) – (2).

6.7    The written notice must also state that the consumer has thirty days to dispute the debt, or the collector will assume it to be valid. 15 U.S.C. §1692g(a)(3).

6.8    Furthermore, the written notice must state that if the consumer gives written notice to the debt collector that the consumer disputes the debt, the debt collector will obtain and verification of the debt or a copy of a judgment against the consumer and mail it to the consumer. 15 U.S.C. §1692g(a)(4).

6.9    The FDCPA also states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

6.10    The act *broadly* prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10). (See, Baker v. G.C. Servs. Corp., 677 F.2d 775, 778 (9th Cir. 1982)).

6.11    The act specifically prohibits "the false representation of -- the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A).

6.12    Furthermore, the act specifically prohibits a debt collector from threatening to take any action that cannot be legally taken or that is not intended to be taken. 15 U.S.C. §1692e(5).

6.13    The FDCPA also states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

6.14    Defendants called Plaintiff almost daily for several months in 2011 to collect a debt.

6.15    Defendants would sometimes hang up on Plaintiff.

6.16    Defendants began calling Plaintiff before mailing anything in writing.

6.17    Plaintiff, who is not a native speaker of English, could understand only some of what Defendants were telling her.

PLAINTIFF'S COMPLAINT                    11          **Law Office of SaraEllen Hutchison, PLLC**
                                                     107 S. Howard, Suite 230  |  Spokane, WA 99201
                                                     Phone (509) 252-1899  |  Fax (877) 485-4893

21

6.18   Defendant, therefore, did not notify Plaintiff that she could request verification and validation of the debt.

6.19   Plaintiff, in her pro se answer to the Spokane County District Court lawsuit, demanded "proof" from Defendants.

6.20   Nevertheless, Defendants have still failed or refused to provide verification and validation of the debt.

6.21   Plaintiff felt helpless to make Defendants' calls stop.

6.22   Defendants' phone calls could only be intended to annoy, harass, oppress, and abuse Plaintiff.

6.23   Defendants stopped calling only to file a frivolous lawsuit against Plaintiff in Spokane County District Court, case number 11131107 CV, with no admissible evidence of assent or standing to sue.

6.24   Plaintiff could not immediately find counsel to assist her in defending case number 11131107 CV, so she filed a pro se answer to avoid a default judgment.

6.25   Defendants' quick default judgment scheme foiled, Defendants issued discovery to Plaintiff demanding that Plaintiff provide evidence that Defendants should have had before filing a lawsuit.

6.26   Defendants hoped to take advantage of an unsophisticated consumer and pro se litigant by issuing this discovery.

6.27   Defendants filed this discovery with the court, with no apparent purpose for doing so other than to embarrass, intimidate, oppress, abuse, and deceive Plaintiff into proving Defendant's case for them since they could not.

//

PLAINTIFF'S COMPLAINT                    12         **Law Office of SaraEllen Hutchison, PLLC**
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

22

1

2      6.28   Only two weeks after issuing discovery to Plaintiff, Defendants filed a voluntary

3   dismissal without prejudice on the basis that they did "not wish to pursue the matter at this

4   time."

5      6.29   Voluntarily dismissing a matter while discovery is pending reveals that

6   Defendants had no intention of pursuing their case against Plaintiff if they could not obtain a

7   default judgment, but they harassed her with needless litigation for six weeks anyway.

8      6.30   Defendants' filing a lawsuit without conducting a reasonable investigation

9   beforehand and with no evidence is an action that Defendants cannot legally take.

10      6.31   Defendants' filing the unanswered discovery requests with the court in violation

11   of the civil rules is an action that Defendants cannot legally take.

12      6.32   Filing and then dismissing a lawsuit against Plaintiff shows that Defendants had

13   no intention of going to trial.

14      6.33   By filing a lawsuit against Plaintiff with no evidence of standing or assent,

15   Defendants have falsely represented the character and legal status of the debt.

16      6.34   Defendant's incessant phone calls to Plaintiff to collect a consumer debt are

17   unfair and unconscionable.

18      6.35   Defendants' business practice of filing lawsuits with no reasonable investigation

19   and no admissible evidence is unfair and unconscionable.

20      6.36   Defendants' business practice of filing lawsuits without first conducting a

21   reasonable investigation and without admissible evidence is an action that Defendants cannot

22   legally take.

23      6.37   Defendants' business practice of filing lawsuits and dismissing them when the

24   consumer defends the action is a threat of legal action that is not intended to be taken.

25

26   PLAINTIFF'S COMPLAINT                    13      **Law Office of SaraEllen Hutchison, PLLC**
                                                     107 S. Howard, Suite 230  |  Spokane, WA 99201
                                                     Phone (509) 252-1899  |  Fax (877) 485-4893

*23*

6.38   Defendants' filing a baseless lawsuit against Plaintiff is intended to harass, intimidate, annoy, embarrass and abuse Plaintiff.

6.39   Defendants' collection and litigation tactics, which have caused Plaintiff emotional distress, are unfair, unconscionable, and outrageous.

6.40   Defendants' contacts therefore violated the FDCPA.

6.41   Defendants' violations are frequent, egregious, persistent, intentional, and designed to harass.

6.42   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

6.43   Defendants' actions illustrate why an injunction is necessary to prevent Defendant from injuring Plaintiff, or any other Washington consumer, with similar practices in the future.

## VII.   SECOND CAUSE OF ACTION

### (Washington State Collection Agency Act Violation)

7.1   Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2   RCW 19.16.100(2) states that "'Collection agency' means and includes…Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

7.3   RCW 19.16.100(1) states that a "Person" for purposes of the Collection Agency Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

7.4   RCW 19.16.100(9) states that a "licensee" for purposes of the Collection Agency Act "means any person licensed under this chapter."

7.5   Defendant is a Washington corporation, and therefore a "person" for purposes of the Washington State Collection Agency Act.

24

7.6     Defendant is a Washington-licensed Collection Agency and is therefore a "Collection Agency," and a "licensee" for purposes of the Washington State Collection Agency Act.

7.7     RCW 19.16.250(8) makes it a prohibited practice for a collector to "Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type" specific details about the alleged debt.

7.8     Furthermore, RCW 19.16.250(8)(c) states that "If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made...."

7.9     RCW 19.16.250(8)(c) goes on to state that the itemization of the claim must include, in relevant part: "(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment; (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee.... (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection; (iv) Collection costs, if any, that the licensee is attempting to collect; (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor; (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor."

7.10     Additionally, RCW 19.16.250(8)(e) requires additional itemization in the first communication to the debtor, including: (i) the original account number assigned to the debt and (ii) the date of the last payment by the debtor to the original creditor.

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

25

7.11    RCW 19.16.250(13) states that it is a prohibited practice for a collector to: "Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor, including but not limited to communication at an unreasonable hour, with unreasonable frequency…." (Emphasis added.)

7.12    RCW 19.16.250(13) goes on to list the kinds of communications that "shall be presumed to have been made for the purposes of harassment." (Emphasis added.)

7.13    Under RCW 19.16.250(13)(a) a communication is presumptively for the purpose of harassment if "It is made with a debtor or spouse in any form, manner, or place, more than three times in a single week, unless the licensee is responding to a communication from the debtor or spouse." (Emphasis added.)

7.14    RCW 19.16.250(16) prohibits a debt collector from threatening or taking action that the debt collector cannot legally take.

7.15    In violation of RCW 19.16.250(8), Defendants failed or refused to provide Plaintiff with itemized details and specific information about the alleged debt.

7.16    In violation of RCW 19.16.250(13)(a), Defendants called Plaintiff more than three times per week for several months in 2011.

7.17    Defendants violated RCW 19.16.250(13) by talking too fast for a non-native speaker of English to understand, and then hanging up, which can only be intended to harass, threaten, and embarrass Plaintiff.

7.18    Defendants violated RCW 19.16.250(16) by filing a lawsuit against Plaintiff with no evidence of standing or assent, issuing discovery for the purpose of harassment, filing unanswered discovery with the court for no reason, which are all actions that Defendants cannot threaten or legally take.

PLAINTIFF'S COMPLAINT                              16          **Law Office of SaraEllen Hutchison, PLLC**
                                                                      107 S. Howard, Suite 230 | Spokane, WA 99201
                                                                      Phone (509) 252-1899 | Fax (877) 485-4893

7.19    Defendants violated RCW <u>19.16.250(16)</u> by filing a lawsuit against Plaintiff with no intention of pursuing it.

7.20    Defendants violated RCW <u>19.16.250(16)</u> by filing a lawsuit against Plaintiff without reasonable investigation and without admissible evidence of a debt.

7.21    RCW <u>19.16.440</u> states that violation of RCW <u>19.16</u> is a *per se* violation of the Washington State Consumer Protection Act.

7.22    Defendants violated both statutes by engaging in multiple practices and committing various acts against Plaintiff that are prohibited by RCW <u>19.16.250</u>.

7.23    Plaintiff was injured by the Defendants' actions in that the time Plaintiff has spent dealing with Defendants took Plaintiff's time away from other, more economically productive activities.

7.24    Plaintiff was injured by the Defendants' actions in that Plaintiff's economic interests are endangered because of Defendants.

7.25    Plaintiff was injured by Defendants in that Plaintiff endured months of stress, harassment, embarrassment, and abuse from Defendants' actions.

7.26    Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

7.27    Defendants' actions were unfair, deceptive, and explicitly prohibited by the Washington State Collection Agency Act.

7.28    Defendants' actions illustrate why an injunction is necessary to prevent Defendants from injuring Plaintiff, or any other Washington consumer, with similar practices in the future.

## XIII.  THIRD CAUSE OF ACTION
### (Consumer Protection Act Violation)

8.1    Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

PLAINTIFF'S COMPLAINT                    17    **Law Office of SaraEllen Hutchison, PLLC**
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

27

8.2     Washington's CPA states that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." See RCW 19.86.020.

8.3     The Washington CPA applies to the actions at issue herein because Plaintiff is a "consumer" and Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in her property by the Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

8.4     Additionally, Defendants violated the Washington Collection Agency Act by engaging in multiple prohibited collection practices under RCW 19.16.250.

8.5     Washington's Collection Agency Act states that any violation of that act is a *per se* violation of the Consumer Protection Act. See RCW 19.16.440.

8.6     Defendants' actions are therefore a *per se* violation of the Washington State Consumer Protection Act.

8.7     Plaintiff was injured by Defendants' actions such that Defendants have placed Plaintiff's economic interests in jeopardy, and took Plaintiff's time away from other, more economically productive activities.

8.8     Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

8.9     Defendants' actions were unfair and deceptive.

8.10    Defendants' actions illustrate why an injunction is necessary to prevent Defendants from injuring Plaintiff, or any other Washington consumer, with similar practices in the future.

## IX.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered against Defendants as follows:

PLAINTIFF'S COMPLAINT                    18        Law Office of SaraEllen Hutchison, PLLC
                                                          107 S. Howard, Suite 230  |  Spokane, WA 99201
                                                          Phone (509) 252-1899  |  Fax (877) 485-4893

28

A.      For an Injunction preventing Defendants from ever again contacting Plaintiff for any reason whatsoever, pursuant to RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

B.      For an Injunction preventing Defendants from ever again collecting upon the subject debt, pursuant to RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

C.      For an Injunction preventing Defendants from ever selling, transferring, or assigning this debt, pursuant to RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

D.      For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW <u>19.16.450</u>, RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

PLAINTIFF'S COMPLAINT

19

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

E.     For an Injunction preventing Defendants from telephoning any Washington State consumer, debtor, or citizen who is a non-native speaker of English without a translator, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

F.     For an Injunction preventing Defendants from telephoning any Washington State consumer, debtor, or citizen more than three times in any given week, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

G.     For an Injunction preventing Defendants from telephoning any Washington State citizen with intent to harass or abuse a consumer or debtor, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

H.     For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq., and various common law claims;

I.     For Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692 et seq. and Harvey v. United Adjusters, 509 F. Supp. 1218, 1222 (D. Or. 1981) ("in an aggravated case of persistent and repeated illegal practices, the full $1,000 should be awarded");

O.     For Incidental and Consequential damages in an amount to be proven at trial;

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230  |  Spokane, WA 99201
Phone (509) 252-1899  |  Fax (877) 485-4893

*30*

P.      For treble any actual damages up to $25,000, pursuant to RCW <u>19.86</u> et seq;

Q.      For costs and reasonable attorneys' fees in an amount to be proven at trial pursuant to 15 U.S.C. §<u>1692</u> et seq. and RCW <u>19.86</u> et seq;

W.      For interest on the above amounts as authorized by law;

S.      For other relief as the Court deems just and equitable;

T.      For leave to amend this complaint as needed and as required;

U.      For leave to seek Civil Rule 23(b) status if information becomes available through discovery supporting the need for class action status.

## XI.    REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7 and Washington State Superior Court Civil Rule 38.

## XII.    PLAINTIFF'S VERIFICATION

Thelma McBroom, on oath, says:

I am the above named Plaintiff in the above entitled action; I have read the foregoing COMPLAINT and know the contents to be true.

_____      3/06/2012

Thelma McBroom, PLAINTIFF      DATE

DATED this _6th_ day of March, 2012.

Respectfully submitted,

_____
SARAELLEN HUTCHISON, WSBA #36137
107 S. Howard, Suite 230
Spokane, WA 99201
Phone (509) 252-1899
Fax (877) 485-4893

PLAINTIFF'S COUNSEL

PLAINTIFF'S COMPLAINT      21    **Law Office of SaraEllen Hutchison, PLLC**
107 S. Howard, Suite 230 | Spokane, WA 99201
Phone (509) 252-1899 | Fax (877) 485-4893

# SUPERIOR COURT, IN AND FOR THE COUNTY OF SPOKANE, STATE OF WASHINGTON

McBroom

Plaintiff/Petitioner

vs.

**Asset Acceptance & Daniel Gordon**

Defendant/Respondent

Cause #: **12201208-8**

Declaration of Service of:

**Summons - Spokane County Superior Court - McBroom v. Asset Acceptance LLC & Daniel N. Gordon P.C. Complaint - Spokane County Superior Court - McBroom v. Asset Acceptance LLC & Daniel N. Gordon P.C.**

**COPY**
ORIGINAL FILED

Hearing Date:

MAR 2 8 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

**Declaration:**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of    **Mar 8 2012 9:55AM**

at the address of    **1801 WESTBAY DR NW  SUITE 206 OLYMPIA**

within the County of    **THURSTON**    State of    **WASHINGTON**

the declarant duly served the above described documents upon

**CT CORPORATION SYSTEM as Registered Agent for ASSET ACCEPTANCE LLC**

by then and there personally delivering    **1**    true and correct copy(ies) thereof, by then presenting to and leaving the same with

**MICHELE ROWE  AGENT AUTHORIZED TO ACCEPT SERVICE FOR REG. AGENT**

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.
Dated: March 12, 2012 at Olympia, WA

by _____
R. Toye

The documents listed above were served in accordance with RCW 4.28.080 and/or client instructions. If service was substituted on another person or left with a person that refused to identify themselves, it is incumbent upon the client to notify ABC Legal Services, Inc. immediately in writing if further attempts to serve, serve by mail, or investigate are required. If service was substituted on another person, pursuant to RCW 4.28.080 (16), service shall be complete on the tenth day after a copy of the documents are mailed to the subject at the address where service was made. Documents were not mailed by ABC Legal Services, Inc.

Service Notes:

| Documents: | 0.00 | Secretarial: | 0.00 | Other: | 95.00 |
|---|---|---|---|---|---|
| Travel: | 0.00 | Postage: | 0.00 | Total: | 95.00 |
| Invalid Address ( 0 ) | 0.00 | Photo: | 0.00 | Pre-Paid Retainer: | 95.00 |
| Proof Preparation: | 0.00 | Rush / Special: | 0.00 | | |
| Summons Copy: | 0.00 | Wait / Stake Out Time: | 0.00 | **AMOUNT DUE** | 0.00 |

*32*

Client Ref.: **McBroom v. Asset & Gordon**
SaraEllen Hutchison
PO BOX 899
Spokane, WA 99210
509-252-1899

**CLIENT COPY
PROOF OF SERVICE**

Page 1 of 1

ABC Legal Serv.
633 Yesler Way
206 521-9000
Tracking #: 942



**EXHIBIT
3**

COPY
ORIGINAL FILED

MAR 2 8 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK
TARI EITZEN

# SUPERIOR COURT, IN AND FOR THE COUNTY OF SPOKANE, STATE OF WASHINGTON

McBroom

**Plaintiff/Petitioner**

vs.

Asset Acceptance & Daniel Gordon

**Defendant/Respondent**

Cause #: **12201208-8**

Declaration of Service of:

Summons - Spokane County Superior Court - McBroom v. Asset Acceptance LLC & Daniel N. Gordon P.C. Complaint - Spokane County Superior Court - McBroom v. Asset Acceptance LLC & Daniel N. Gordon P.C.

Hearing Date:

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Mar 8 2012 9:55AM at the address of 1801 WESTBAY DR NW SUITE 206 OLYMPIA, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon CT CORPORATION SYSTEM as Registered Agent for ASSET ACCEPTANCE LLC by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with MICHELE ROWE AGENT AUTHORIZED TO ACCEPT SERVICE FOR REG. AGENT.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: March 12, 2012 at Olympia, WA

by _____
R. Toye

Service Fee Total: $ 95.00



ABC Legal Services, Inc.
206 521-9000
Tracking #: 9423697

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

McBroom v. Asset & Gordon
SaraEllen Hutchison
PO BOX 899
Spokane, WA 99210
509-252-1899

33

orporations: Search Results                                                                                3/27/12 6:49 PM

Contact Us ! Connect:     | Search OSOS Web Sites |   SEARCH

# Corporations Division

| Corporations Home | Nonprofit Home | Charities Home | Awards | Public Notices |

## Search Results

Viewing 1 - 1 of 1 results

ASSET ACCEPTANCE, LLC

**ASSET ACCEPTANCE, LLC**

| | |
|---|---|
| **UBI Number** | 603014423 |
| **Category** | LLC |
| **Active/Inactive** | Active |
| **State of Incorporation** | DE |
| **WA Filing Date** | 05/03/2010 |
| **Expiration Date** | 05/31/2012 |
| **Inactive Date** | |
| **Duration** | Perpetual |

### Registered Agent Information

| | |
|---|---|
| **Agent Name** | C T CORPORATION SYSTEM |
| **Address** | 1801 WEST BAY DR NW STE 206 |
| **City** | OLYMPIA |
| **State** | WA |
| **ZIP** | 98502 |

### Special Address Information

| | |
|---|---|
| **Address** | |
| **City** | |
| **State** | |
| **Zip** | |

View Additional Information »

Purchase Documents for this Corporation »

» Close «

« Search Again

**NEW! - SEARCH APPS ON MOBILE DEVICES**

 

**ALL CORPORATIONS DATA DOWNLOAD**

Download the whole Corporations search database in XML format. Average file size is 70 Mb compressed, 750 Mb uncompressed.

Neither the State of Washington nor any agency, officer, or employee of the State of Washington warrants the accuracy, reliability, or timeliness of any information in the Public Access System and shall not be liable for any losses caused by such reliance on the accuracy, reliability, or timeliness of such information. While every effort is made to ensure the accuracy of this information, portions may be incorrect or not current. Any person or entity who relies on information obtained from the System does so at his or her own risk.

Phone Numbers | Privacy Policy | Accessibility | Mobile
Washington Secretary of State · Corporations Division
801 Capitol Way South

ttp://www.sos.wa.gov/corps/search_results.aspx?search_type=simple&criteria=all&name_type=contains&name=&ubi=603014423          Page 1 of 2

Translate our site into:
| Select Language |
Powered by Google™ Translate

34

COPY
ORIGINAL FILED

MAR 2 9 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

TARI S. EITZEN

1

2

3

4

5

6

7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON,**

8

**IN AND FOR THE COUNTY OF SPOKANE**

9

THELMA MCBROOM,

Plaintiff,

10

Case No: **12-02-01208-8 CV**

vs.

11

MOTION AND DECLARATION FOR
ORDER OF DEFAULT AGAINST ASSET
ACCEPTANCE, LLC

12

DANIEL N. GORDON, P.C., an Oregon debt
collection law firm, and ASSET
ACCEPTANCE, LLC, a Delaware Limited
Liability Company,

13

**[EX PARTE]**

14

Defendants.

15

16

COMES NOW, the Plaintiff, THELMA MCBROOM, by and through her undersigned

17

counsel, SARAELLEN HUTCHISON, and respectfully moves the Court for an Order of Default

18

as prayed for in Plaintiff's Complaint against the Defendant, ASSET ACCEPTANCE, LLC, a

19

Delaware Limited Liability Company.

20

DATED this 29th day of MARCH, 2012.

21

PLAINTIFF'S COUNSEL

22

23

SARAELLEN HUTCHISON, WSBA #36137
Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230
Spokane, WA  99201
Telephone: 509-252-1899
Facsimile: 877-485-4893
Email: saraellenhutchison@gmail.com

24

25

35

EXHIBIT

tabbies

4

MOTION AND DECLARATION FOR ORDER OF
DEFAULT Page 1 of 5

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA  99201
PH (509) 252-1899 | FAX (877) 485-4893

# DECLARATION OF PLAINTIFF'S COUNSEL

Plaintiff's counsel does hereby declare as follows:

1.    She is the attorney for the Plaintiff in the above entitled action and makes this Declaration in support of the Plaintiff's Motion for Default.

2.    **SERVICE**

That on March 8, 2012, in Thurston County, Washington, at 1801 Westbay Dr. NW, Suite 206, Olympia, Washington, 98020, at 9:55 A.M., Defendant, ASSET ACCEPTANCE, LLC, a Delaware Limited Liability Company, through its registered agent for service of process, CT CORPORATION SYSTEM, was served with a copy of the Summons and Complaint in the above entitled matter.  The affidavit of such service is filed herein as Exhibit A.

More than 20 days have elapsed since the date of service.  Defendant, ASSET ACCEPTANCE, LLC, has not served or filed a Notice of Appearance, nor an Answer to Plaintiff's complaint.

3.    **APPEARANCE**

Defendant ASSET ACCEPTANCE, LLC, has failed to serve or file a Notice of Appearance.

4.    **MILITARY DUTY**

Defendant ASSET ACCEPTANCE, LLC, is not believed to be incompetent or in the military service.  Defendant ASSET ACCEPTANCE, LLC, is a Company and is therefore not able to serve in the military, or be a military dependent.

5.    **DEFAULT**

More than 20 days have elapsed since the date of service and Defendant ASSET ACCEPTANCE, LLC, has failed to Appear or properly file an Answer herein and is therefore in default.

6.    **JURISDICTION AND VENUE**

Venue is appropriate because Plaintiff is a resident of Spokane County, Washington; the injury to Plaintiff occurred in Spokane County, Washington; all acts at issue in Plaintiff's

MOTION AND DECLARATION FOR ORDER OF DEFAULT Page 2 of 5

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA  99201
PH (509) 252-1899 | FAX (877) 485-4893

36

complaint occurred in Spokane County, Washington; Defendant ASSET ACCEPTANCE, LLC is a business which regularly engages in substantial business in the State of Washington; Defendant ASSET ACCEPTANCE, LLC, sued Plaintiff in Spokane County, Washington; and Plaintiff seeks injunctive relief pursuant to the Consumer Protection Act.

7.    **RELIEF**

Plaintiff's complaint prays for the following certain relief against Defendants:

A.    For an Injunction preventing Defendants from ever again contacting Plaintiff for any reason whatsoever, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

B.    For an Injunction preventing Defendants from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

C.    For an Injunction preventing Defendants from ever selling, transferring, or assigning this debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

D.    For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge

MOTION AND DECLARATION FOR ORDER OF
DEFAULT Page 3 of 5

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

37

1   Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986);

2   Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

3          E.      For an Injunction preventing Defendants from telephoning any Washington State

4   consumer, debtor, or citizen who is a non-native speaker of English without a translator, pursuant

5   to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d

6   1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman

7   Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531

8   (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

9          F.      For an Injunction preventing Defendants from telephoning any Washington State

10  consumer, debtor, or citizen more than three times in any given week, pursuant to RCW

11  19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000

12  (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge

13  Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986);

14  Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

15         G.      For an Injunction preventing Defendants from telephoning any Washington State

16  citizen with intent to harass or abuse a consumer or debtor, pursuant to RCW 19.16.450, RCW

17  19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v.

18  Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc.

19  v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v.

20  MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

21         H.      For Actual and Compensatory damages in an amount to be proven at trial,

22  pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq., and various common law claims;

23         I.      For Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692 et

24  seq. and Harvey v. United Adjusters, 509 F. Supp. 1218, 1222 (D. Or. 1981) ("in an aggravated

25  case of persistent and repeated illegal practices, the full $1,000 should be awarded");

           O.      For Incidental and Consequential damages in an amount to be proven at trial;

           P.      For treble any actual damages up to $25,000, pursuant to RCW 19.86 et seq;

MOTION AND DECLARATION FOR ORDER OF
DEFAULT Page 4 of 5

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

38

Q.    For costs and reasonable attorneys' fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq. and RCW 19.86 et seq;

W.    For interest on the above amounts as authorized by law;

S.    For other relief as the Court deems just and equitable;

T.    For leave to amend this complaint as needed and as required;

U.    For leave to seek Civil Rule 23(b) status if information becomes available through discovery supporting the need for class action status.

## 8.    ATTORNEY'S FEES AND COSTS AND PLAINTIFF'S DAMAGES

Plaintiff is entitled to its costs and attorney's fees pursuant to contract and/or statute. Declarant states that the sum of $3,285 ($2,960 attorney's fees, $230 filing fee, and $95 service of process fee) is a reasonable sum as and for Plaintiff's costs and attorney's fees in the event judgment is rendered on this Motion.

Regarding Plaintiff's damages, they are not a sum certain. Plaintiff is entitled to $1000 in statutory damages under the Fair Debt Collection Practices Act, however, Plaintiff's actual damages under the Washington State Consumer Protection Act will need to be determined through oral testimony at evidentiary hearing before judgment can be entered in this case.

Declarant states that the foregoing statements are true and correct and are made subject to the penalties of perjury under the laws of the State of Washington.

DATED this 29th day of March, 2012.

SARAELLEN HUTCHISON, WSBA #36137
Declarant / Attorney for Plaintiff

MOTION AND DECLARATION FOR ORDER OF
DEFAULT Page 5 of 5

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA  99201
PH (509) 252-1899 | FAX (877) 485-4893

39

COPY
ORIGINAL FILED

MAR 2 9 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

TARI S. EITZEN

1
2
3
4
5
6
7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON,**

8

**IN AND FOR THE COUNTY OF SPOKANE**

9

| THELMA MCBROOM, | |
|---|---|
| Plaintiff, | Case No: **12-02-01208-8 CV** |

10

vs.

NOTE FOR HEARING –
ISSUE OF LAW – MOTION FOR
DEFAULT

11

12

DANIEL N. GORDON, P.C., an Oregon debt
collection law firm, and ASSET
ACCEPTANCE, LLC, a Delaware Limited
Liability Company,

**[EX PARTE]**

13

14

Defendants.

15

16

17

TO THE CLERK OF THE COURT AND TO:  <u>Defendant, DANIEL N. GORDON, P.C. and
your attorneys, WINSTON & CASHATT, LAWYERS, A PROFESSIONAL SERVICE
CORPORATION.</u>

18

19

        YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned

20

counsel will bring on hearing the MOTION FOR DEFAULT, a copy of which is attached.  A

21

hearing is to be held on **FRIDAY, April 6, 2012 at 9:00 a.m.** at Spokane County Superior

22

Court before the Ex Parte Department.

23

DATED: _March 29, 2012_      SIGNED: _____

24

                                SARAELLEN HUTCHISON, WSBA #36137
                                Attorney for Plaintiff

25

_40_

NOTE FOR HEARING – ISSUE OF LAW –
MOTION FOR DEFAULT Page 1 of 2

Law Office of SaraEllen Hutchis
107 S. HOWARD, SUITE 230 | SPOKANE, W
PH (509) 252-1899 | FAX (877) 485-4

EXHIBIT

5

## AUTHORITIES

(Cite those authorities which form primary basis for your legal position. Where case authority is cited, provide reference to specific page of opinion which is controlling. Likewise reference applicable sections or subsection of statutes or court rules. This does not substitute for required Memorandum of Authorities.)

Applicable Court Rule:        CR 55, LCR 55
Applicable Statute:
Applicable Case Law:

**Note: <u>CONFIRMATION</u>:  ON ANY MOTION, COUNSEL FOR THE MOVING PARTY SHALL CONTACT THE PERSON RESPONSIBLE FOR SCHEDULING FOR THE JUDGE OR COMMISSIONER THREE COURT DAYS PRECEDING THE DATE SET FOR HEARING AND ADVISE WHETHER THE MOTION WILL BE HEARD.  IF NOTIFICATION IS NOT MADE, THE MOTION WILL BE STRICKEN FOR RESETTING PURSUANT TO LCR 40 AND TERMS CONSIDERED.**

Law Office of SaraEllen Hutchison, PLLC
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

41

COPY
ORIGINAL FILED

MAR 2 9 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK
TARI S. EITZEN

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the state of Washington that on the 29th day of March, 2012, true and correct copies of the foregoing

1. NOTE FOR HEARING – ISSUE OF LAW – MOTION FOR DEFAULT

2. MOTION AND DECLARATION FOR ORDER OF DEFAULT AGAINST ASSET ACCEPTANCE, LLC

3. PROPOSED ORDER OF DEFAULT AGAINST ASSET ACCEPTANCE, LLC

4. CONFORMED COPIES OF SUMMONS & COMPLAINT

were **hand delivered** to:

WINSTON & CASHATT, LAWYERS, A PROFESSIONAL SERVICE CORPORATION
601 WEST RIVERSIDE AVENUE, SUITE 1900
SPOKANE, WA 99201-0695

Dated this 29th day of March, 2012, at Spokane, Washington.

SaraEllen M. Hutchison

EXHIBIT
6

CERTIFICATE OF SERVICE  page 1

Law Office of SaraEllen Hutchison, PLLC
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

42

1

2                                                      **COPY**
                                                   ORIGINAL FILED

3                                                   MAR 3 0 2012

4                                                   THOMAS R. FALLQUIST
                                                   SPOKANE COUNTY CLERK

5

6

7          SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

8

9    THELMA MCBROOM,

10                                Plaintiff,    No. 12-2-01208-8-CV

11   vs.                                        NOTICE OF APPEARANCE

12   DANIEL N. GORDON, P.C., an Oregon debt
13   collection law firm, and ASSET
     ACCEPTANCE, LLC, a Delaware Limited
14   Liability Company,

15                                Defendants.

16

17         TO THE ABOVE-NAMED PLAINTIFF AND TO YOUR ATTORNEY:

18         YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that the firm of Winston &

19   Cashatt, Lawyers, a Professional Service Corporation, hereby enters its appearance in the

20   above-entitled case as attorneys for the defendant, Daniel N. Gordon, P.C., and requests that any

21   //

22   //

23   //

24   //

                                                   ┌─────────────────┐
                                                   │     **EXHIBIT**     │
                                                   │                 │
                                                   │       **7**        │
                                                   └─────────────────┘

                                                   *Winston & Cashatt*
NOTICE OF APPEARANCE                               A PROFESSIONAL SERVICE CORPORATION
PAGE 1                                             Bank of America Financial Center
                                                   601 West Riverside Avenue, Suite 1900
                                                   Spokane, Washington 99201-0695
                                                   (509) 838-6131

                                                                          43

1  and all further pleadings, papers or notices, except original process, in the above-entitled cause

2  be served upon the undersigned attorneys for defendant at the address below stated.

3      DATED this 20th day of March, 2012.

4

5                  _____

6                  KEVIN J. CURTIS, WSBA No. 12085

7                  WINSTON & CASHATT, LAWYERS, a Professional
                   Service Corporation

8                  601 W. Riverside, Ste. 1900
                   Spokane, Washington 99201

9                  Telephone: (509) 838-6131
                   Facsimile: (509) 838-1416

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

NOTICE OF APPEARANCE
PAGE 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

44

CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that on the __26__ day of March, 2012, at Spokane, Washington, the foregoing was caused to be served on the following person(s) in the manner indicated:

| | |
|---|---|
| SaraEllen Hutchison<br>Law Office of SaraEllenHutchison, PLLC<br>107 S. Howard, Suite 230<br>Spokane, WA  99201<br><br>Attorney for Plaintiff | **VIA REGULAR MAIL** ☒<br>**VIA CERTIFIED MAIL** ☐<br>**HAND DELIVERED** ☐<br>**BY FACSIMILE** ☐<br>**VIA FEDERAL EXPRESS** ☐ |

*Janel Martindale*

NOTICE OF APPEARANCE
PAGE 3

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

45

Daniel N. Gordon, WSBA #32186
DANIEL N. GORDON, P.C.
4023 W. 1st Avenue
P.O. Box 22338
Eugene, Oregon 97402
(541) 342-2276
Fax: (541) 342-8059
dgordonpc@aol.com

## SUPERIOR COURT OF WASHINGTON

### COUNTY OF SPOKANE

THELMA MCBROOM,                              )
                                             )   Case No.  12-2-01208-8
                    Plaintiff,               )
                                             )   NOTICE OF APPEARANCE
        v.                                   )
                                             )
DANIEL N. GORDON, P.C. an Oregon             )
debt collection law firm, and ASSET          )
ACCEPTANCE, LLC, a Delaware                  )
limited liability corporation,               )
                                             )
                    Defendants.              )

Comes now Daniel N. Gordon, attorney at law, and notifies the Court that he is appearing as attorney of record for Defendant Asset Acceptance, LLC. All pleadings, motions, and correspondence should be sent to:

Daniel N. Gordon, Attorney at Law
DANIEL N. GORDON, P.C.
4023 W. 1st Avenue
PO Box 22338
Eugene, Oregon 97402
(541) 342-2276
dgordon@dgordonpc.com

DATED this 30th day of March, 2012.

DANIEL N. GORDON, P.C.

Daniel N. Gordon, WSBA #32186
Of attorneys for Defendant Asset Acceptance

Page 1 - NOTICE OF APPEARANCE

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276   FAX: (541) 342-8059

46



EXHIBIT
8

## Certificate of Service

I hereby certify that on the 2nd day of April 2, 2012, I sent a true copy of Defendant Asset Acceptance, LLC's Notice of Appearance by depositing said copy in the United States Mail, postage prepaid, addressed to:

Sara Ellen Hutchison
107 S. Howard Street, Ste. 230
Spokane, WA 99201-3818

A true copy of this Notice of Appearance was also emailed to counsel on the above date by sending a copy to counsel to saraellenhutchison@gmail.com

DATED this 2nd day of April, 2012.

DANIEL N. GORDON, P.C.

_____
Daniel N. Gordon, WSB # 32186
Of Attorneys for Plaintiff

47

**ORAL ARGUMENT REQUESTED**

Daniel N. Gordon, WSBA #32186
DANIEL N. GORDON, P.C.
4023 W. 1st Avenue
PO Box 22338
Eugene, OR 97402
(541) 342-2276
dgordon@dgordonpc.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

THELMA MCBROOM,

               Plaintiff,

      v.

DANIEL N. GORDON, P.C., an Oregon
debt collection law firm, and ASSET
ACCEPTANCE, LLC, a Delaware
Limited liability corporation,

               Defendants.

Case No. 12-2-01208-8

MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
AND MOTION TO STRIKE

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

(1)    **RELIEF REQUESTED:** Defendant is asking the Court to dismiss plaintiff's complaint against it on the ground that Asset Acceptance is exempt from the Washington Collection Agency Act when it files a law suit by means of independent counsel.

(2)    **STATEMENT OF FACTS:** Defendant Asset Acceptance, LLC (hereafter Asset) is a Delaware limited liability company which is in the business of buying distressed debt for collection from the defaulting account holders. Asset sued plaintiff herein in the name of the owner of the debt, i.e., Asset Acceptance, LLC.

(3)    **STATEMENT OF ISSUES:**    The issue before this court is whether or not Asset is exempt from the WCAA by virtue of the fact that it is collecting its own debt in the state of Washington.

(4)    **EVIDENCE RELIED UPON:**    No evidence is relied upon because this motion

Attorney and Counselor at Law
4023 W. 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 341-8059

**EXHIBIT**

**9**

to dismiss for failure to state claim is a motion that goes only to the four cornders of plaitiff's complaint and it is to test the sufficiency of the pleading. *Askin v. Crown Zellerbach, Inc.*, 8 *Wn. App. 817, 819; 509 P. 2d 379 (1973)*.

(5)    **ARGUMENT:**    Asset agrees with defendant's allegations that it is a purchaser of distressed debt, that it sues debtors who do not pay the amount due and owing on the account that it purchases, and that it sues debtors in its own true name, i.e., Asset Acceptance, LLC.

As a debt owner suing debtors in its own true name, Asset is exempt from the requirement that it register as a collection agency. RCW 19.16.100 provides the definition of "collection agency".

RCW 19.16.100 defines "collection agency" as:

> "Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims **owed or due or asserted to be owed or due another person . . . .**"

Asset is not engaged in attempting to "collect claims owed or due or asserted to be owed or due to another person." It is collecting its own claims in its own name. The plain words of the statute exclude it from the definition of collection agency. Asset should be dismissed from the collection agency causes of action based on it statutory exemption from registering as a collection agency when it is collecting its own debt.

## MOTION TO STRIKE

(1)    **RELIEF REQUESTED:**    Asset is moving the Court to strike certain allegations, as hereafter described based on improper pleading as hereafter specified.

(2)    **STATEMENT OF FACTS:**    See 2 above.

(3)    **STATEMENT OF ISSUES:**    The issue is whether the allegations that are hereafter specified are subject to a motion to strike.

(4)    **EVIDENCE RELIED UPON:**    No evidence is relied upon because this is purely a pleading issue.

(5)    **ARGUMENT:**

CR 12(f) states that a motion to strike is to be made before responding to a pleading.

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 343-8859

**MOTIONS TO DISMISS AND TO STRIKE – Page 2**

49

1  It further states that pleadings may be stricken that are "redundant, immaterial, impertinent,

2  or scandalous matter."

3      The following allegations of plaintiff's complaint should be stricken:

4      **(1) Paragraph 2.8:** This paragraph should be stricken because it is impertinent and

5  scandalous. Using words like "notorious" is editorialization and the fact that a Google search

6  reveals 398,000 results of complaints is immaterial to this case.

7      **(2) Paragraph 4.37:** This paragraph should be stricken because it is impertinent and

8  scandalous. Using the words "notoriously cavalier" is editorialization and immaterial to this

9  case.

10     **(3) Paragraph 4.38:** This paragraph should be stricken because it is impertinent and

11  scandalous. Using the words "victimizing consumers" is editorialization and immaterial to this

12  case.  Moreover, the number of law suits across the United States in which Asset was a

13  defendant is immaterial to this case.

14     **(4) Paragraph 4.39:** This paragraph should be stricken because it is impertinent and

15  scandalous. Using the words "notoriously cavalier" is editorialization and immaterial to this

16  case.

17     **(5)  Paragraph 4.40:**  This paragraph should be stricken because it is immaterial.

18  Whether or not Asset files "frivolous and baseless cases" has no bearing on whether this case

19  was "frivolous and baseless." Plaintiff does not allege that 100% of Asset's cases are frivolous

20  and baseless,"  Therefore, whether or not this case was "frivolous and baseless" rests on

21  whether Asset had the necessary evidence in this case, not any other case.  Further, the

22  allegation that Asset is "victimizing consumers" is scandalous and impertinent because it is

23  another example of editorialization masquerading as a factual allegation.  Finally, the words

24  "frivolous" and "baseless" are impertinent and scandalous because these words are

25  editorialization.  They could and should be replaced by words like "repeatedly file cases

26  without possessing sufficient evidence to prevail at trial."

27     **(6) Paragraph 4.48:** This paragraph should be stricken because it is immaterial to this

28  case.  Whether or not the court treats her fairly, and the court is presumed to treat all parties

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276  FAX: (541) 343-8859

50

that come before it fairly, in no way proves or disproves plaintiff's allegations.

(7) **Paragraphs 7.21 through Paragraph 7.28 :** These paragraphs should be stricken because it is immaterial to this case because Asset is not subject to the Washington Collection Agency Act.

(8) **Paragraphs 8.1 through Paragraph 8.10:** These paragraphs should be stricken because they are immaterial to this case because Asset is not subject to the Washington Collection Agency Act.

DATED this 30th day of March, 2012.

DANIEL N. GORDON, P.C.

Daniel N. Gordon, WSB# 32186
Of Attorneys for Defendant Asset
Acceptance, LLC

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W Avenue / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2176  FAX: (541) 343-8659

**MOTIONS TO DISMISS AND TO STRIKE - Page 4**

51

## Certificate of Service

I hereby certify that on the 2nd day of April 2, 2012, I sent a true copy of Defendant Asset Acceptance, LLC's Motion to Dismiss and Motion to Strike by depositing said copy in the United States Mail, postage prepaid, addressed to:

Sara Ellen Hutchison
107 S. Howard Street, Ste. 230
Spokane, WA 99201-3818

A true copy of this Motion to Dismiss and Motion to Strike was also emailed to counsel on the above date by sending a copy to counsel to saraellenhutchison@gmail.com

DATED this 2nd day of April, 2012.

DANIEL N. GORDON, P.C.

Daniel N. Gordon, WSB # 32186
Of Attorneys for Plaintiff

52

1  Daniel N. Gordon, WSBA #32186
    DANIEL N. GORDON, P.C.
2  4023 W. 1st Avenue
    P.O. Box 22338
3  Eugene, Oregon 97402
    (541) 342-2276
4  Fax: (541) 342-8059
    dgordonpc@aol.com

5

6

7               SUPERIOR COURT OF WASHINGTON

8                  COUNTY OF SPOKANE

9  THELMA MCBROOM,          )
                       )  Case No.  12-2-0128-8
10           Plaintiff,     )
                       )  NOTE FOR HEARING ISSUE OF LAW
11      v.                )
                       )
12  DANIEL N. GORDON, P.C., an Oregon )
    debt collection law firm, and ASSET   )
13  ACCEPTANCE, LLC a Delaware    )
    limited liability corporation,        )
14                       )
             Defendant.    )
15

16

17     TO THE CLERK AND TO SARA ELLEN HUTCHISON, ATTORNEY FOR PLAINTIFF

18       The undersigned has scheduled Defendant's Motion to Dismiss and Motion to Strike for oral argument for April 13, 2012 at 9:00 a.m. before the judge, Tari S. Eitzen, Spokane County Superior Court, 1116 W. Broadway Avenue, Spokane, WA 99260-0350.

19

20       Motions must be confirmed NO LATER THAN 10:00 NOON, 2 DAYS BEFORE THE HEARING by contacting the judicial assistant for the assigned judge, or the presiding judge for cases that are not assigned.

21

22     Daniel N. Gordon, WSBA #32186
        4023 W. 1st Avenue
23     PO Box 22338
        Eugene, Oregon 97402
24     (541) 342-2276

25     DATED this 2nd day of April, 2012.

26     DANIEL N. GORDON, P.C.

27

    Matthew R. Aylworth, WSBA #37892, On Behalf Of
28  Daniel N. Gordon, WSBA #32186
    Of Attorneys for Defendant Asset Acceptance

Page 1 - NOTE FOR HEARING ISSUE OF LAW

Daniel N. Gordon, P.C.
Attorney and Counselor at Law
4023 W. 1st Avenue P.O. Box 22338
Eugene, OR 97402
Phone (541) 342-2276  FAX (541) 343-8059

53

**EXHIBIT**

tabbies®  10

**Certificate of Service**

I hereby certify that on the 2nd day of April 2, 2012, I sent a true copy of Defendant Asset Acceptance, LLC's Note for Hearing Issue of Law by depositing said copy in the United States Mail, postage prepaid, addressed to:

Sara Ellen Hutchison
107 S. Howard Street, Ste. 230
Spokane, WA 99201-3818

A true copy of this Note for Hearing Issue of Law was also emailed to counsel on the above date by sending a copy to counsel to saraellenhutchison@gmail.com

DATED this 2nd day of April, 2012.

DANIEL N. GORDON, P.C.

Matthew R. Aylworth, WSBA #37892
On Behalf Of
Daniel N. Gordon, WSBA #32186
Of Attorneys for Plaintiff

54

COPY
ORIGINAL FILED

APR 02 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

TARI S. EITZEN

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON,
IN AND FOR THE COUNTY OF SPOKANE

THELMA MCBROOM,

                Plaintiff,

vs.

DANIEL N. GORDON, P.C., an Oregon debt
collection law firm, and ASSET
ACCEPTANCE, LLC, a Delaware Limited
Liability Company,

                Defendants.

Case No:  12-02-01208-8 CV

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

    I hereby certify under penalty of perjury under the laws of the state of Washington that

on the _2nd_ day of April, 2012, true and correct conformed copies of the SUMMONS AND

COMPLAINT in the above-captioned matter were **mailed, postage prepaid** to:

*Robert Lipson, Assistant Attorney General*
WASHINGTON STATE OFFICE OF THE ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA 98104

Dated this _2nd_ day of April, 2012, at Spokane, Washington.

                                     
                         SaraEllen M. Hutchison

CERTIFICATE OF SERVICE  page 1

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

55

EXHIBIT

11

**COPY**
ORIGINAL FILED

APR 0 5 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

TARI S. EITZEN

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON,
IN AND FOR THE COUNTY OF SPOKANE**

| | |
|---|---|
| THELMA MCBROOM,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DANIEL N. GORDON, P.C., an Oregon debt collection law firm, and ASSET ACCEPTANCE, LLC, a Delaware Limited Liability Company,<br><br>                                    Defendants. | Case No: **12-02-01208-8 CV**<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT ASSET ACCEPTANCE, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE |

<u>**OPPOSITION TO DEFENDANT ASSET ACCEPTANCE, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE**</u>

COMES NOW Plaintiff, THELMA MCBROOM, by and through her attorney, SARAELLEN HUTCHISON, and respectfully submits PLAINTIFF'S OPPOSITION TO DEFENDANT ASSET ACCEPTANCE, LLC'S MOTION TO DISMISS AND MOTION TO STRIKE.

This Opposition is based upon the accompanying memorandum of points and authorities, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion.  Plaintiff respectfully requests (1) an order denying Defendant ASSET ACCEPTANCE, LLC's (hereinafter, "ASSET") motion to dismiss ASSET from the Second Cause of Action in Plaintiff's Complaint, the Washington State

56

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO
DISMISS AND MOTION TO STRIKE Page 1 of 10

Law Office of SaraEllen Hutchis...
107 S. HOWARD, SUITE 230 | SPOKANE, W...
PH (509) 252-1899 | FAX (877) 485-4...



EXHIBIT

12

1   Collection Agency Act violation, (2) an order denying Defendant ASSET's Motion to Strike and

2   (3) terms against Defendant ASSET for failure to provide timely notice of its Motions under the

3   Washington State Superior Court Civil Rules, which also do not provide for service via email

4   without the written consent of the other party; see CR 5(b)(7). ASSET is a debt buyer subject to

5   the Washington State Collection Agency Act, and Plaintiff expects to prove all the allegations

6   against ASSET that ASSET wishes to strike from Plaintiff's Complaint. In the alternative,

7   Plaintiff requests that the Court deny ASSET's motion on such claims as the Court finds are not

8   subject to CR 12(b)(6) and not subject to CR 12(f), and grant Plaintiff leave to amend her

9   Complaint if necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

10   Plaintiff hereby respectfully submits this Memorandum in support of her Opposition to

11   ASSET's Motion to Dismiss and Motion to Strike.

## I.   INTRODUCTION

13   The mass filing of collection lawsuits by junk debt buyers and collection law firms is a

14   scavenger industry. Defendant, ASSET, is a large national junk debt buyer. Debt buyers pay as

15   little as pennies on the dollar for old debts hoping that by filing lawsuits, unsophisticated debtors

16   can be pressured into paying legally unenforceable debts. The debts are legally unenforceable

17   because the debt buyer has minimal account records that are inadmissible hearsay and are

18   insufficient to prove chain of title. Typically, the debt buyer's records are electronic because

19   paper is too expensive. The debt buyer keeps lists of purchased debts and has its own employees

20   attest to the authenticity of the lists. A debt buyer may produce a bill of sale that ostensibly

21   includes the debt in question, however, the bill of sale fails to mention the debtor or the debtor's

22   account. The bill of sale simply directs the reader to view an exhibit, which supposedly contains

23   the accounts purchased. The debt buyer does not produce the exhibit, however, but even if it did,

24   it is inadmissible hearsay because the debt buyer creates the list. Regardless, the sales are

25   "without recourse" because the buyers and sellers both know the accounts are generally

unenforceable.

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO
DISMISS AND MOTION TO STRIKE Page 2 of 10

Law Office of SaraEllen Hutchison, PLLC
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

57

As outlined in Plaintiff's Complaint and as Plaintiff expects to establish in discovery, ASSET's acts are typical of the problems inherent in the debt buying industry. In this case, a defaulted Citibank credit card account allegedly belonging to Plaintiff was sold to ASSET. ASSET then, through Defendant DANIEL N. GORDON, P.C., filed a lawsuit against Plaintiff, Spokane County District Court Case Number 11131107 CV, to collect the debt that ASSET claimed to own, then dismissed without prejudice when ASSET failed to obtain a quick default judgment against Plaintiff. This is typical: when a consumer defends an action brought by a debt buyer, even if the consumer is *pro se*, a debt buyer will usually dismiss rather than face the court with no admissible evidence to prove its case. Plaintiff is a consumer injured by these actions of Defendants and was forced to investigate the problem to protect her interests.

It should be no surprise that the Defendants, ASSET and DANIEL N. GORDON, P.C., have been repeatedly sued by consumers under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (hereinafter also "FDCPA"), a broad remedial statute designed to protect consumers against the unfair and deceptive acts of debt collectors. The FDCPA applies to collection law firms and debt buyers like Defendants, but generally does not include original creditors' in-house collectors. 15 U.S.C. § 1692a. ASSET does not dispute that it is subject to the FDCPA, nor does ASSET allege that it is an original creditor.

The Washington State Collection Agency Act, RCW 19.16 et seq., (hereinafter also "CAA") is similar to its federal counterpart, the FDCPA. The CAA goes further than the FDCPA, however. The CAA provides an avenue for injunctive relief against such business practices through a *per se* violation of the Washington State Consumer Protection Act (hereinafter also "CPA"). RCW 19.16.440. The CAA is one of over 60 Washington statutes listed as *per se* violations of the CPA, and thus the CAA and CPA must be read together as a coherent statutory scheme. The broad purpose of the CPA is explicit at RCW 19.86.120, which provides, in relevant part:

> The legislature hereby declares that the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO DISMISS AND MOTION TO STRIKE Page 3 of 10

protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts and final orders of the federal trade commission interpreting the various federal statutes dealing with the same or similar matters…

In addition to having a similar broad remedial purpose, Washington State's CAA and CPA look to the FDCPA and the Federal Trade Commission for guidance. For example, the CAA provides that any entity that is found by a Washington Court to have violated the FDCPA within the last two years is engaged in unprofessional conduct pursuant to RCW 19.16.120(4)(h). Like the FDCPA, the CAA and the CPA are intended to be liberally applied in favor of the consumer and any exceptions are to be narrowly construed. The CAA affords greater protection to consumers than the FDCPA in multiple ways, including requiring initial written communications to consumers to include more detail about the debt than required by the FDCPA and specifically limiting the number of calls per week; see RCW 19.16.250.

Like the FDCPA, the CAA categorically excludes original creditors from the statute. RCW 19.16.100(3)(c). Furthermore, RCW 19.16.100(4) specifically references the FDCPA's exclusion of original creditors at 15 U.S.C. § 1692a(6). A debt buyer is absolutely a "debt collector" under the FDCPA, and as the CAA does not categorically exclude debt buyers from the definition of "collection agency," to exclude debt buyers from liability under the CAA would be an absurd result that would not give effect to the purpose of the statute.

The allegations in Plaintiff's Complaint are pointed because Defendants' conduct is far from benign; in fact, it is unfair, deceptive, intentional, repeated, and is contrary to the public interest. Words like "cavalier" and "victimizing" are carefully chosen and appropriately descriptive of these out-of-state Defendants' conduct toward Washington State consumers, and references to the widespread bad reputation of Defendants, and frequency Defendants find themselves sued for such conduct is essential to pleading all elements of the Consumer Protection Act claim. Defendants' conduct is the very type of business practice that the Washington State Legislature intended to prevent and remedy when it passed the Consumer Protection Act and the Collection Agency Act. This conduct has continued by ASSET's serving

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO DISMISS AND MOTION TO STRIKE Page 4 of 10

Law Office of SaraEllen Hutchison, PLLC
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

59

1   Plaintiff with motions via U.S. Mail arriving on April 4, 2012, only nine days before the motion

2   hearing, and attempting email service (untimely on April 2, 2012) without Plaintiff's written

3   consent.

4   As discussed below, Plaintiff states a CAA claim against ASSET and expects to prove

5   the allegations against both Defendants in her Complaint.  For these reasons, and the reasons

6   below, ASSET's motion to dismiss and motion to strike are improper and must be denied.

7   Furthermore, terms should be awarded to Plaintiff against ASSET for ASSET's failure to

8   provide proper and timely notice of its motions.

## II.   LEGAL STANDARD

9   **A.   A Defendant's motion for dismissal pursuant to CR 12(b)(6) must
10   be denied when Plaintiff states a claim under a statute and Defendant is
    subject to that statute.**

11   The trial court should grant a CR 12(b)(6) motion to dismiss only if it appears beyond a

12   reasonable doubt that no facts exist that would justify recovery. Atchison v. Great Western

13   Malting Co., 161 Wn.2d at 376, 166 P.3d 662  (2007) (quoting Cutler v. Phillips Petroleum Co.,

14   124 Wn.2d 749, 755, 881 P.2d 216 (1994)).  If a plaintiff pleads facts that justify recovery, the

15   court cannot ignore the total statutory scheme in favor of an absurd interpretation.  [Washington

16   courts] follow general principles of statutory construction which require that statutes be

17   construed in the manner that best fulfills the legislative purpose and intent, and where possible,

18   statutes should be read together to determine legislative purpose so as to achieve a harmonious

19   total statutory scheme which maintains the integrity of the respective statutes.  FIRE PROTEC.

20   DISTS. v. Housing Authority, 123 Wn.2d 819, 826-827, 872 P. 2d 516 (1994) (internal footnotes

     omitted).  See also City of Ellensburg v. State, 118 Wn.2d 709, 713, 826 P. 2d 1081 (1992);

21   Employco Personnel Servs., Inc. v. Seattle, 117 Wn.2d 606, 614, 817 P.2d 1373 (1991).

22

23   **B.   A motion to strike portions of a complaint must be denied when
    Plaintiff properly, accurately and appropriately pleads material facts it
    expects to prove.**

24   A Plaintiff is entitled to plead and describe facts. Civil Rule 8 only requires "a short and

25   plain statement of the claim showing that the pleader is entitled to relief," and subject to the

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

60

obligations of CR 11, that it is well grounded in fact and not for any impermissible purpose. Civil Rule 12(f), like the federal rule, provides in relevant part that the court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading.  On considering a motion to strike, a trial court does not abuse its discretion in allowing information of a "factual nature;" see Orion Corporation v. State, 109 Wn.2d 621, 637-638, 747 P. 2d 1062 (1987), cert. denied, 486 U.S. 1022 (1988).  Material that is not "redundant," "impertinent," "scandalous," or "immaterial" cannot be subject to a motion to strike.  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973-974 (9th Cir. 2010).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  Fantasy, Inc. v. Fogerty, 984 F. 2d 1524, 1527 (9th Cir 1993) (rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (internal citations and quotations omitted)).  Furthermore, "Allegedly libelous statements, spoken or written by a party or counsel in the course of a judicial proceeding, are absolutely privileged if they are pertinent or material to the redress or relief sought, whether or not the statements are legally sufficient to obtain that relief."  McNeal v. Allen, 95 Wn.2d 265, 621 P. 2d 1285 (1980) (quoting Gold Seal Chinchillas, Inc. v. State, 69 Wn.2d 828, 420 P.2d 698 (1966)); see also Twelker v. Shannon & Wilson, 88 Wn.2d 473, 564 P.2d 1131 (1977).

## III.    ARGUMENT

A.    **Plaintiff states a claim against ASSET under the Washington State Collection Agency Act because a debt buyer is subject to the CAA, and thus, 12(b)(6) dismissal is improper and must be denied.**

ASSET is a debt buyer and therefore is a "collection agency" subject to the CAA. The CAA provides, in relevant part:

> **Unless a different meaning is plainly required by the context,** the following words and phrases as hereinafter used in this chapter shall have the following meanings.... (3) "Collection agency" does not mean and does not include.... (c) Any person whose collection activities are carried on in his, her, or its true name **_and are confined and are directly related to the operation of a business other than that of a collection agency,_** such as but not

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO DISMISS AND MOTION TO STRIKE Page 6 of 10

Law Office of SaraEllen Hutchison, PLLC
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

61

<u>limited to: Trust companies; savings and loan associations; building and loan associations; abstract companies doing an escrow business; real estate brokers; property management companies collecting assessments, charges, or fines on behalf of condominium unit owners associations, associations of apartment owners, or homeowners' associations; public officers acting in their official capacities; persons acting under court order; lawyers; insurance companies; credit unions; loan or finance companies; mortgage banks; and banks[.]</u> (<u>**Emphasis added.**</u>)

Debt buyers are not original creditors, banks, brokers, condominium associations, or anything like any of the other businesses categorically excluded from the definition of collection agency under the CAA. Not only are debt buyers *not* categorically excluded from the statute, debt buyers are nothing like any of the businesses specifically identified and it would be nonsensical for this court to re-write the statute to exclude debt buyers.

Plaintiff's complaint states a claim as to Defendant ASSET's liability under the CAA, and therefore 12(b)(6) dismissal is improper. ASSET does *not* contend that it is not a "debt collector" subject to the FDCPA, but claims in essence that as a debt buyer, it should be regarded as an original creditor in the eyes of the CAA, even though the CAA provides greater protection to consumers than what is provided by the FDCPA. To be excluded from the CAA and stand on the level of an original creditor, the CAA requires not only that a person conduct "collection activities...in his, her, or its true name" but must *also* be like one of the businesses listed. The statute does not say "or;" it says "and." The purpose of this section is to exclude original creditors and their ilk in similar fashion to the FDCPA. A debt buyer in the same field with original creditors, brokers, and credit unions is a wolf in sheep's clothing. The intent of the statute is thus to "protect the herd:" the law rightfully has a very different policy toward original creditors. Original creditors have risk, in contrast to debt buyers, who invested pennies on the dollar. Our laws recognize that the indirect relationship between consumer and mercenary third-party collector places the consumer at a greater disadvantage, and this is why the activities of debt collectors are more scrutinized. The *further*-removed relationship between consumer and *debt buyer*, more distant and broken than a breadcrumb trail, is worse for the consumer, because the debt buyer has practically nothing to lose. ASSET's assertion that it is not subject to the

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO DISMISS AND MOTION TO STRIKE Page 7 of 10

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

62

CAA, therefore, is facetious.  ASSET asks this Court to make an absurd holding that would not give effect to the purpose of the statute.  This Court must honor the intent of the Washington State Legislature and interpret the CAA in the context of its coherent, broadly remedial statutory scheme; the Consumer Protection Act, which provides for injunctive relief, and the Fair Debt Collection Practices Act which provides for the "floor" or baseline level of consumer protection.  ASSET's 12(b)(6) motion is improper and should be denied.

**B.      Plaintiff's Complaint is proper and Plaintiff expects to prove the allegations therein.**

The Washington State Consumer Protection Act, RCW <u>19.86</u> et seq. is a broad statute designed to protect consumers and provide injunctive relief from unfair and deceptive business practices.  A plaintiff bringing an action under the CPA must make a prima facie case consisting of these elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.  <u>See</u>, <u>Hangman Ridge Training Stables, Inc. v. Safeco</u>, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).  A violation of the CAA is a *per se* violation of the CPA; <u>see</u> RCW <u>19.16.440</u>.  As established above, ASSET makes no claim that it is exempt from the definition of "debt collector" under 15 U.S.C. § <u>1692</u> et seq., and ASSET is also a "collection agency" for purposes of the CAA.  ASSET also makes no claim that it is exempt from the CPA. ASSET, nevertheless, wants stricken from the Complaint as "scandalous," "immaterial," or "impertinent" many of the allegations that support important elements of the CPA: that the conduct caused injury, that it is capable of repetition and that it affects the public interest.  Plaintiff's allegations of Defendants' widespread abuse of the legal system and unfair collection tactics are not scandalous, immaterial, or impertinent, and thus ASSET's motion to strike is improper and must be denied.

Regarding injury under the CPA, "The scope of injury to 'property' is especially broad and is not restricted to commercial or business injury." <u>Stephens v. Omni Ins. Co.</u>, 138 Wn.App. 151, 159 P. 3d 10, 25 (Div. 1 2007) (citing <u>Keyes v. Bollinger</u>, 31 Wn.App. 286, 296, 640 P.2d 1077 (Div. 1 1982)).  "The inconvenience caused by an unfair or deceptive act and the time of

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO
DISMISS AND MOTION TO STRIKE Page 8 of 10

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

63

investigating the threat of property loss or damaged credit are actionable injuries under the CPA, which is not mere "emotional injury." See, Stephens, 159 P.3d at 25; Sign-O-Lite Signs v. DeLaurenti Florists, 64 Wn.App. 553, 825 P.2d 714 (Div. 1 1992). The CPA does not require proof of monetary damages to establish injury. Mason v. Mortgage Am., Inc. 114 Wn.2d 842, 792 P.2d 142 (1990).

Regarding public interest under the CPA, a plaintiff must plead that the unfair conduct affects the populace as a whole and is capable of repetition, and a plaintiff who has firsthand knowledge of her experience alone must still plead relevant facts that indicate that it is not simply a private matter of no concern to other Washington State citizens. "[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." McRae v. Bolstad, 101 Wn.2d 161, 676 P.2d 496 (1984). The Hangman Ridge court outlined the following considerations for the "public interest" element: (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it? 105 Wn.2d at 790.

Here, Plaintiff has pleaded facts Plaintiff expects to prove which address multiple factors of the "public interest" element, including: that Defendants file many lawsuits against Washington consumers every year with little or no admissible evidence of a debt; that this is Defendants' regular business and *raison d'être;* that if Plaintiff does not obtain the injunctive relief she seeks, that Defendants will continue to take advantage of Washington citizens by filing more cases in the future; that unsophisticated consumers and pro se litigants are treated unfairly by Defendants and that Plaintiff hopes that she is treated fairly in this litigation because the public interest is at stake. There is nothing in Washington law that requires a plaintiff to allege

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO DISMISS AND MOTION TO STRIKE Page 9 of 10

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

64

that "100%" of a defendant's activities are unfair and deceptive for a plaintiff to meet the public interest element of a CPA claim. If Defendants want to challenge particular evidence of their conduct, reputation, or practices, a motion to strike pleadings is not the proper vehicle for Defendants to raise an evidentiary issue, especially when discovery has not yet begun.

Finally, language such as "notorious," "cavalier," and "victimizing" are words that appropriately describe the seriousness and widespread nature of Defendants' unfair acts and practices and reflect the nature and quality of Plaintiff's actual damages in this matter.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny ASSET's motion to dismiss and motion to strike and grant Plaintiff terms for ASSET's failure to provide proper notice of its motions under the Civil Rules.

DATED this 5th day of April, 2012.

Respectfully submitted,

SaraEllen Hutchison (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230
Spokane, WA 99201
Telephone:     509-252-1899
Facsimile:     877-485-4895
*Attorney for Plaintiff*

PLAINTIFF'S OPPOSITION TO ASSET'S MOTION TO
DISMISS AND MOTION TO STRIKE Page 10 of 10

**Law Office of SaraEllen Hutchison, PLLC**
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893



COPY
ORIGINAL FILED

APR 0 5 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK
TARI S. EITZEN

### CERTIFICATE OF SERVICE

1

2      I hereby certify under penalty of perjury under the laws of the state of Washington that

3  on the _5th_ day of April, 2012, a true and correct copy of the foregoing

4  PLAINTIFF'S OPPOSITION TO DEFENDANT ASSET ACCEPTANCE, LLC'S MOTION
5  TO DISMISS AND MOTION TO STRIKE

6  Was sent via **next-day FedEx** to:

7  DANIEL N. GORDON, P.C.
   4023 W. 1st AVE.
8  EUGENE, OR 97402

9  And was **hand delivered** to:

10

11 KEVIN CURTIS, ATTORNEY AT LAW
   WINSTON & CASHATT, LAWYERS, A PROFESSIONAL SERVICE CORPORATION
12 601 WEST RIVERSIDE AVENUE, SUITE 1900
   SPOKANE, WA 99201-0695

13 Dated this _5th_ day of April, 2012, at Spokane, Washington.

14

15                                    _____
                                      SaraEllen M. Hutchison
16

17

18

19

20

21

22

23

24

25

26

27

28  CERTIFICATE OF SERVICE  page 1          **Law Office of SaraEllen Hutchison, PLLC**
                                            107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
                                            PH (509) 252-1899 | FAX (877) 485-4893

66

**COPY**
ORIGINAL FILED

APR 0 9 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

TARI S. EITZEN

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

THELMA MCBROOM

                    Plaintiff,

vs.

DANIEL N. GORDON, P.C., an Oregon
debt collection law firm, and ASSET
ACCEPTANCE, LLC, a Delaware Limited
Liability Company,

                  Defendants.

NO.   12-02-01208-8 CV

NOTICE OF ABSENCE AND
UNAVAILABILITY

TO:      The Clerk of Court
AND TO:  Asset Acceptance, LLC, and your attorney, DANIEL N.
          GORDON, P.C.
AND TO:  Daniel N. Gordon, P.C., and your attorney, KEVIN CURTIS,
          WINSTON CASHATT

      PLEASE TAKE NOTICE that SARAELLEN HUTCHISON, of the Law Office of
SaraEllen Hutchison, PLLC, Attorney of record for Plaintiff in the above-captioned matter,
shall be unavailable on the following dates because she will be in Dubois, Wyoming for the
Gerry Spence Trial Lawyers College 3-week course:

      **Thursday, July 12, 2012 - THROUGH - Monday, August 6, 2012**

      This notice is to inform the parties and Clerk of Court that NO COURT HEARINGS
or DEPOSITIONS should be scheduled on any of the above dates.

      DATED this April 9, 2012.

SARAELLEN HUTCHISON  WSBA #36137
Attorney for Plaintiff

NOTICE OF ABSENCE AND
UNAVAILABILITY page 1

Law Office of SaraEllen Hutchison, PLL
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

67

EXHIBIT

13

COPY
ORIGINAL FILED

APR 0 9 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

TARI S. EITZEN

1

### CERTIFICATE OF SERVICE

2   I hereby certify under penalty of perjury under the laws of the state of Washington that

3   on the ___9th___ day of April, 2012, a true and correct copy of the foregoing

4   NOTICE OF ABSENCE AND UNAVAILABILITY

5

6   Was sent via U.S. Mail, postage prepaid to:

7   DANIEL N. GORDON, P.C.
    4023 W. 1st AVE.
8   EUGENE, OR 97402

9   And to:

10  KEVIN CURTIS, ATTORNEY AT LAW
    WINSTON & CASHATT, LAWYERS, A PROFESSIONAL SERVICE CORPORATION
11  601 WEST RIVERSIDE AVENUE, SUITE 1900
    SPOKANE, WA 99201-0695
12

13  Dated this ___9th___ day of April, 2012, at Spokane, Washington.

14  _____

15  SaraEllen M. Hutchison

16

17

18

19

20

21

22

23

24

25

26

27

28  CERTIFICATE OF SERVICE  page 1        **Law Office of SaraEllen Hutchison, PLLC**
                                          107 S. HOWARD, SUITE 230 | SPOKANE, WA  99201
                                          PH (509) 252-1899 | FAX (877) 485-4893

68

1  Daniel N. Gordon, WSBA #32186
   DANIEL N. GORDON, P.C.
2  4023 W. 1st Avenue
   P.O. Box 22338
3  Eugene, Oregon 97402
   (541) 342-2276
4  Fax: (541) 342-8059
   dgordonpc@aol.com
5

6                    SUPERIOR COURT OF WASHINGTON
7                         COUNTY OF SPOKANE
8
   THELMA MCBROOM,
9                                   )
              Plaintiff,            )   Case No.  12-2-0128-8
10                                  )
         v.                         )   NOTE FOR HEARING ISSUE OF LAW
11                                  )
   DANIEL N. GORDON, P.C., an Oregon )
12 debt collection law firm, and ASSET )
   ACCEPTANCE, LLC a Delaware       )
13 limited liability corporation,   )
                                    )
14            Defendant.            )
15

16     TO THE CLERK AND TO SARA ELLEN HUTCHISON, ATTORNEY FOR PLAINTIFF
17     The undersigned has scheduled Defendant's Motion to Dismiss and Motion to Strike
   for oral argument for April 25, 2012 at 9:00 a.m. before the judge, Tari S. Eitzen, Spokane
18 County Superior Court, 1116 W. Broadway Avenue, Spokane, WA 99260-0350.

19     THIS NOTE SUPERSEDES ANY AND ALL PREVIOUS NOTES FOR HEARING on
   Defendant's Motion to Dismiss and Motion to Strike.
20
       Motions must be confirmed NO LATER THAN 10:00 NOON, 2 DAYS BEFORE THE
21 HEARING by contacting the judicial assistant for the assigned judge, or the presiding judge for
   cases that are not assigned.
22
       Daniel N. Gordon, WSBA #32186
23     4023 W. 1st Avenue
       PO Box 22338
24     Eugene, Oregon 97402
       (541) 342-2276
25
       DATED this 9th day of April, 2012.
26
       DANIEL N. GORDON, P.C.
27
       _____
28     Daniel N. Gordon, WSBA #32186
       Of Attorneys for Defendant Asset Acceptance

Page 1 - NOTE FOR HEARING ISSUE OF LAW



EXHIBIT
14

69

## Certificate of Service

I hereby certify that on the 9th day of April, 2012, I sent a true copy of Defendant Asset Acceptance, LLC's Note for Hearing Issue of Law by depositing said copy in the United States Mail, postage prepaid, addressed to:

Sara Ellen Hutchison
107 S. Howard Street, Ste. 230
Spokane, WA 99201-3818

A true copy of this Note for Hearing Issue of Law was also emailed to counsel on the above date by sending a copy to counsel to saraellenhutchison@gmail.com.

DATED this 9th day of April, 2012.

DANIEL N. GORDON, P.C.

Daniel N. Gordon, WSBA #32186
Of Attorneys for Defendant Asset Acceptance

70

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SPOKANE COUNTY

| | |
|---|---|
| THELMA MCBROOM, | Case No. 12-2-01208-8 CV |
| Plaintiff, | NOTICE OF WITHDRAW AND SUBSTITUTION OF COUNSEL |
| v. | |
| DANIEL N. GORDON, PC., an Oregon debt collection law firm, and ASSET ACCEPTANCE, LLC, a Delaware Limited Liability Company, | |
| Defendants. | |

TO:    The Clerk of the Court,

AND TO:    Plaintiff, Thelma McBroom and Plaintiff's Attorney, Saraellen Hutchinson,

AND TO:    Defendant, Daniel N. Gordon, P.C. and Defendant's Attorney, Kevin J. Curtis.

**YOU ARE HEREBY NOTIFIED** that effective immediately the undersigned attorney

**Daniel N. Gordon of Daniel N. Gordon P.C.**, hereby withdraws as counsel of record for

the Defendant, Asset Acceptance, LLC, and will be substituted by **John D. Munding of**

**Crumb & Munding, P.S.**,

EXHIBIT

tabbies

15

NOTICE OF WITHDRAW AND SUBSTITUTION OF COUNSEL – 1

CRUMB & MUNDING, P.S,
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

71

1      PLEASE TAKE FURTHER NOTICE that all pleadings, notes, documents and other

2  papers, exclusive of original process, shall be also serviced upon:

3

4  JOHN D. MUNDING
   Crumb & Munding, P.S.

5  The Davenport Tower
   111 S. Post Street, PH 2290

6  SPOKANE, WA 99201
   munding@crumb-munding.com

7  (509) 624-6464
   Fax (509) 624-6155

8

9

10  Dated this _____ day of April, 2012.

11

12                     DANIEL N. GORDON, P.C.

13

14                 _____

15                 DANIEL N. GORDON, WSBA # 32186
                Withdrawing Attorney

16

17                 CRUMB & MUNDING, P.S.

18

19                 _____

20                 JOHN D. MUNDING, WSBA #21734
                Attorney for Defendant Asset Acceptance, LLC

21

22

23

24

25

26

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

72

COPY
ORIGINAL FILED

APR 2 5 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

TARI S. EITZEN

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON,
IN AND FOR THE COUNTY OF SPOKANE

THELMA MCBROOM,

                      Plaintiff,

vs.

DANIEL N. GORDON, P.C., an Oregon debt
collection law firm, and ASSET
ACCEPTANCE, LLC, a Delaware Limited
Liability Company,

                      Defendants.

Case No: 12-02-01208-8 CV

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the state of Washington that on the 25th day of April, 2012, true and correct conformed copies of the SUMMONS AND COMPLAINT in the above-captioned matter were **mailed, postage prepaid** to: KEVIN CURTIS, attorney of record for and authorized to accept service on behalf of Defendant DANIEL N. GORDON, P.C. at:

KEVIN CURTIS, ATTORNEY AT LAW
WINSTON & CASHATT, LAWYERS, A PROFESSIONAL SERVICE
CORPORATION
601 W. RIVERSIDE AVE. SUITE 1900
SPOKANE, WA 99201-0695

CERTIFICATE OF SERVICE  page 1

Law Office of SaraEllen Hutchison, PLLC
107 S. HOWARD, SUITE 230 | SPOKANE, WA 99201
PH (509) 252-1899 | FAX (877) 485-4893

EXHIBIT
16

73

A copy of this Certificate of Service was also **mailed, postage prepaid** and **emailed** to John D. Munding, attorney of record for Defendant ASSET ACCEPTANCE, LLC at:

JOHN D. MUNDING, ATTORNEY AT LAW
CRUMB & MUNDING, P.S.
111 S. POST ST. PH 2290
THE DAVENPORT TOWER
SPOKANE, WA 99201
munding@crumb-munding.com

Dated this 25th day of April, 2012, at Spokane, Washington.

_____
SaraEllen M. Hutchison

CERTIFICATE OF SERVICE  page 2